**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 24-cv-________________________

JASON SMITH, on behalf of himself and all others similarly situated,

Plaintiff,

v.

PRO-VIGIL, INC., a Texas corporation,

Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Jason Smith ("Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, Leventhal Lewis Kuhn Taylor Swan PC, complains as follows:

## NATURE OF THE ACTION

1. This action is brought on behalf of all Field Service Technicians holding comparable positions with different titles ("Technicians")[1] employed by Pro-Vigil, Inc. ("Defendant") in the United States during the last three (3) years, plus any period of tolling, and who were not properly paid overtime compensation.

2. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiff alleges that Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, by failing to pay Technicians required overtime compensation.

3. This case is also brought as a class action under Fed. R. Civ. P. 23 pursuant to the

[1] Defendant employed similarly situated individuals using numerous titles, including "Field Service Technician," "Security Technician," "Maintenance Technician," and others.

Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 CCR § 1103-1, and the Colorado Wage Act, C.R.S. § 8-4-101 ("CWA"). Plaintiff alleges that Defendant violated the COMPS Order by failing to pay Technicians overtime compensation at applicable rates as required by law. Plaintiff alleges that Defendant violated the CWA by failing to pay all earned overtime wages.

**JURISDICTION AND VENUE**

4. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claim that they form part of the same case or controversy.

6. Defendant is subject to personal jurisdiction in this District because this action arises out Defendant's illegal pay practices that caused damages to employees in the State of Colorado and across the United States.

7. Defendant has also availed itself of the privilege of conducting substantial business in Colorado, where Plaintiff resides and worked for Defendant, and certain of the acts and omissions alleged herein arise out of Defendant's activities in Colorado.

8. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

**THE PARTIES**

9. Plaintiff is, and was at all times relevant to this action, an adult individual domiciled in Colorado.

10. Defendant is a Texas corporation. Defendant maintains its principal place of business at 4646 Perrin Creek, Suite #280 in San Antonio, Texas. Defendant is registered to conduct business in Colorado as a foreign corporation.

11. Defendant is primarily in the business of operating a surveillance and security company which provides security systems and monitoring services for businesses. Defendant also provides security system installation, repair, maintenance, and other client support services.

**COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff seeks to prosecute his FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendant as Technicians (or similar title as defined *supra*) in the United States at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked in excess of 40 in a work week ("Collective").

13. Plaintiff will fairly and adequately protect the interests of the members of the Collective and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest contrary to or in conflict with the members of the Collective.

14. The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

**CLASS ACTION ALLEGATIONS**

15. Plaintiff sues on his own behalf and on behalf of a class of employees under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Defendant's violations

of the COMPS Order and the CWA.

16. Plaintiff brings his Colorado state law claims on behalf of all employees who were employed by Defendant in Colorado as Technicians at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case who hold or held the position of Technician (or similar title as defined *supra*) and were not paid overtime compensation for all hours worked or at an appropriate rate of pay for all hours worked, including hours in excess of 40 in a work week and/or 12 in a work day ("Overtime Class").

17. The members of the Overtime Class are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are dozens of members of the Overtime Class.

18. Plaintiff's claims are typical of the claims of the members of the Overtime Class. Plaintiff performed the same essential job duties as the members of the Overtime Class; Defendant paid Plaintiff and the members of the Overtime Class pursuant to the same policies and procedures; and Plaintiff and the members of the Overtime Class were victims of the same wrongful conduct in which Defendant engaged in violation of the COMPS Order and the CWA.

19. The class action mechanism is superior to any alternatives which may exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic

means by which injured parties can effectively litigate against corporate defendants like Defendant. Numerous repetitive individual actions would also place an undue burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct.

20. Defendant has acted or refused to act on grounds generally applicable to the Overtime Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Overtime Class as a whole.

21. Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

22. Plaintiff will fairly and adequately protect the interests of the members of the Overtime Class.

23. There are questions of law and fact common to the Overtime Class which predominate over any questions solely affecting the individual members of the Overtime Class, including, but not limited to:

a. Whether Defendant employed the members of the Overtime Class within the meaning of the COMPS Order and the CWA;

b. Whether Defendant's policies and practices described within this Complaint are illegal;

c. Whether Defendant properly paid the members of the Overtime Class for all hours, including hours worked above 40 hours in a work week and/or 12 hours in a work day;

d. Whether Defendant properly tracked and/or calculated the number of overtime

hours payable to the members of the Overtime Class based on their work below, at, and beyond 40 hours in a work week and/or 12 hours in a work day;

e. What proof of hours worked is sufficient where, as here, Defendant failed in its duty to keep and maintain accurate time records; and

f. Whether Defendant is liable for all damages claimed hereunder.

## STATEMENT OF FACTS

24. Defendant provides security systems, surveillance, monitoring, and related client services for businesses.[2] Technicians follow standardized processes involving well-established techniques and procedures implemented by Defendant, and they work within closely prescribed limits imposed by Defendant. Defendant employs all Technicians and establishes their pay practices.

25. Technicians are classified as exempt, salaried employees and are compensated by salary for all hours worked each pay period, including those over 40 in a work week and/or over 12 in a work day.

26. Defendant employed Plaintiff as a Field Service Technician in Colorado. Plaintiff began his employment on or about December 12, 2022 and left his employment with Defendant on or about August 7, 2023.

27. At the beginning of Plaintiff's employment with Defendant, he participated in rigorous training required by Defendant. Defendant's training informed Plaintiff of all company policies and procedures related to field service work, including step-by-step instructions for

---

[2] https://pro-vigil.com/services/fixed-surveillance-video-surveillance/ (last accessed on June 27, 2024).

security system installation, repair, maintenance, and removal.

28. As a Technician, Plaintiff was classified as a salary-exempt employee. Plaintiff's salary was $58,000 annually, paid every other week. At times, Plaintiff received non-discretionary bonuses for jobs completed in states other than Colorado.

29. As a Technician, Plaintiff regularly worked approximately 60 hours per week. Plaintiff was also required to be available for "on-call" work. Plaintiff was required to perform Technician duties across the entire state of Colorado and occasionally in New Mexico and California.

30. Defendant did not require Plaintiff to clock in and out for shifts.

31. As a Technician, Plaintiff's primary job duties were to install, repair, and maintain security equipment located at client facilities as directed and assigned by Defendant.

32. Plaintiff's work was assigned to him via a "ticket" system implemented by Defendant. Plaintiff was required to complete installations, repairs, and maintenance tasks included in service tickets created by Defendant's clients that were submitted to Defendant though an online client portal.

33. Plaintiff's job duties almost exclusively consisted of manual labor, which was required to install and repair security systems at client sites. Plaintiff used hand tools, power tools, ladders, and other construction equipment to perform his duties. Plaintiff was also required to lift and move heavy equipment on a daily basis.

34. Plaintiff also performed routine diagnostic and troubleshooting tests using tablet or laptop devices and software programs provided by Defendant. Plaintiff merely initiated and ran Defendant's diagnostic software programs and communicated results to Defendant's clients.

35. While performing routine diagnostic and troubleshooting tests of security systems, Plaintiff did not engage in any duties related to coding, system applications or analysis, software or computer engineering, or design.

36. As a Technician, Plaintiff never engaged in the application, design, development, analysis, creation, testing, or modification of any computer software or hardware.

37. All of Plaintiff's work was performed in the field at client facilities. Plaintiff never worked in Defendant's offices or otherwise performed any non-manual office work.

38. Plaintiff did not (a) manage or supervise any other employees of Defendant, (b) direct any department within Defendant's business, or (c) direct any of Defendant's business operations. Plaintiff was managed by the Director of Field Services and Steven Buck, who was known to Plaintiff as the "Western Supervisor."

39. Plaintiff's job duties and tasks were highly regulated and controlled, sometimes on a step-by-step and incremental level, by Defendant. Plaintiff and members of the Collective and Overtime Class were prohibited from exercising discretion and independent judgment as to matters of significance within Defendant's operations.

40. Plaintiff and members of the Collective and Overtime Class were directed by Defendant to strictly adhere to corporate policies implemented by Defendant.

41. Plaintiff and members of the Collective and Overtime Class participated and engaged in essential job duties and tasks on a daily basis that directly related and contributed to Defendant's primary business of providing security and surveillance services to customers for profit.

42. Defendant improperly applied a salary exemption to Plaintiff and members of the

Collective and Overtime Class.

43. Plaintiff regularly worked more than 40 hours each week, but Plaintiff never received overtime premiums at one and one-half his regular rate of pay for hours worked over 40 in individual work weeks and/or 12 hours in a work day.

44. Plaintiff and all other Technicians were employed under identical or substantially similar terms. All Technicians were provided identical or substantially similar copies of position descriptions at the start of their employments.

45. The common terms of employment for Technicians, including the pay practices identified herein, were intentionally and purposefully made identical by Defendant.

46. The uniform and common practices and policies implemented by Defendant, including the job duties and compensation structure, applied to all Technicians, including Plaintiff.

47. Due to the uniform and common policies and practices implemented by Defendant, most, if not all, of the Technicians' job duties as described were determined by Defendant.

48. Defendant previously employed Plaintiff. Defendant continues to employ members of the Collective and Overtime Class as alleged herein.

49. Plaintiff and members of the Overtime Class were and are entitled to the wage protections afforded by the CWA which apply to timely payment of all earned wages.

50. Defendant misclassified Plaintiff and members of the Collective and Overtime Class as exempt from overtime compensation.

51. Defendant has failed to pay Technicians, including Plaintiff, overtime pay.

52. Defendant has a uniform policy and practice to not pay Technicians for all hours worked in excess of 40 per work week and/or 12 per work day.

53. Defendant's violations of the FLSA are not in good faith. Defendant is, and has been, well aware of its legal obligation to pay overtime compensation to Plaintiff and members of the Collective and Overtime Class.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION**

54. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

55. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

56. At all relevant times, Defendant employed, and/or continues to employ, each of the members of the Collective within the meaning of the FLSA.

57. At all relevant times, Defendant has had gross annual revenues in excess of $500,000.

58. At all relevant times, Defendant has had a uniform policy and practice to not pay overtime compensation for all overtime hours worked at legally mandated rates.

59. As a result of Defendant's failure to properly compensate its employees, including Plaintiff and the members of the Collective, Defendant has violated, and continues to violate, the FLSA.

60. As an employer within the meaning of the FLSA, Defendant has a duty to create and maintain accurate records of employee hours. Defendant failed to do so.

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62. Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the members of the Collective, is entitled to recover from Defendant unpaid overtime compensation,

liquidated damages, Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**COMPS ORDER – CLASS ACTION**

63. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

64. At all relevant times, Plaintiff and the members of the Overtime Class were employed by Defendant within the meaning of the COMPS Order.

65. Because Defendant was, at all relevant times, an employer within the meaning of the FLSA, it was also an employer within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

66. Defendant violated the COMPS Order by failing to pay Technicians all overtime compensation to which they are entitled at the legally required rates.

67. Plaintiff and the members of the Overtime Class are entitled to recover from Defendant overtime compensation at the appropriate premium for all hours worked over 40 in a work week and 12 in a work day, any statutory penalties, Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to the COMPS Order.

**THIRD CLAIM FOR RELIEF**
**COLORADO WAGE ACT – CLASS ACTION**

68. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

69. At all relevant times, Plaintiff and the members of the Overtime Class were employed by Defendant within the meaning of C.R.S. § 8-104-101(5).

70. At all relevant times, Defendant was an employer within the meaning of C.R.S. § 8-104-101(6).

71. The CWA defines wages as "[a]ll amounts for labor or service performed by employees," regardless of whether "the amount is fixed or ascertained by the standard of time." Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable." C.R.S. § 8-4-101(14)(a)(I)-(III).

72. Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiff and members of the Overtime Class worked in excess of 40 in individual work weeks and/or 12 in a work day, which required pay at one and one-half their regular hourly rates of pay.

73. Once Plaintiff and members of the Overtime Class worked hours above 40 in individual work weeks or 12 in individual work days, they were entitled to overtime compensation, although it was not paid. As such, any overtime wages for which Plaintiff and members of the Overtime Class were not paid were and are "wages" as defined by the CWA and therefore subject to the requirements of the CWA.

74. Plaintiff and members of the Overtime Class did not receive overtime premiums of one and one-half times their regular rates of pay for hours worked over 40 in individual work weeks and/or 12 in individual work days.

75. Pursuant to C.R.S. § 8-4-109(3)(b)(I), if an employer fails to pay an employee earned, vested, and determinable wages as set forth by the CWA within 14 days of service of a civil action, the employee is entitled to a penalty of two times the amount of unpaid wages or compensation.

76. Pursuant to the C.R.S. § 8-4-109(3)(b)(I), if the employee can prove that the

employer's failure to pay wages due under the Act was willful, the employee is entitled to a penalty of three times the amount of unpaid wages or compensation.

77. Defendant's failure and refusal to pay earned overtime wages, as demanded herein within the 14-day period described by the C.R.S. § 8-4-109(3)(a), was willful and in bad faith.

78. Plaintiff and members of the Overtime Class are owed all earned, unpaid wages and statutory penalties, including increased penalties for willful violations of the CWA.

79. Per C.R.S. § 8-4-110, Plaintiff and members of the Overtime Class are entitled to attorneys' fees and costs incurred prosecuting claims under the CWA.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other members of the Collective and Overtime Class, requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the members of the Overtime Class and appointing Plaintiff and his counsel to represent the Overtime Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, COMPS Order, and CWA;

d. An injunction requiring Defendant to cease its unlawful practices under, and to comply with, the COMPS Order and CWA;

e. An award of overtime compensation due under the FLSA and the COMPS Order;

f. An award of unpaid, earned, and vested regular wages under the CWA;

g. An award of liquidated damages and/or statutory penalties under the FLSA and CWA;

h. An award of additional damages and/or statutory penalties under the FLSA and CWA as a result of Defendant's willful failure to properly pay overtime compensation;

i. An award of damages representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

j. An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

k. An award of costs and expenses of this action together with attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the Collective and Overtime Class have a right to jury trial.

Respectfully submitted this 1st day of July, 2024.

*/s/ Samuel D. Engelson*
Michael D. Kuhn
Andrew E. Swan
Samuel D. Engelson
LEVENTHAL | LEWIS
KUHN TAYLOR SWAN PC
3773 Cherry Creek North Drive, Suite 710
Denver, CO 80209
Telephone: (720) 699-3000
Facsimile: (866) 515-8628
Email: mkuhn@ll.law
aswan@ll.law
sengelson@ll.law

*Attorneys for Plaintiff*